UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE BRICKLAYERS
AND ALLIED CRAFTWORKERS LOCAL 3,
NEW YORK (ROCHESTER CHAPTER)
PENSION FUND, et al.,

                                  Plaintiff,

                                                          Case # 23-CV-06250-FPG
v.
                                                          DECISION AND ORDER
UPSTATE SPECIALTY COATINGS LLC,

                                  Defendant.

_____

## INTRODUCTION

On May 8, 2023, Plaintiffs Board of Trustees of the Bricklayers and Allied Craftworkers

Local 3, New York (Rochester Chapter) Pension Fund; Board of Trustees of the Bricklayers and

Allied Craftworkers Local 3, New York (Rochester Chapter) Welfare Fund; Board of Trustees of

the Bricklayers and Allied Craftworkers, New York Local 3, Individual Account Retirement Fund;

Board of Trustees of the Bricklayers and Allied Craftworkers Local 3, New York Joint

Apprenticeship Training Committee; Western NY Joint Administrative Board; and Bricklayers

and Allied Craftworkers Local No. 3 New York, AFL-CIO (collectively, "Plaintiffs") brought this

action against Defendant Upstate Specialty Coatings LLC ("Defendant") under Sections 502(g)(2)

and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. §§ 1132(g)(2) and 1145 and Section 301 of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185.  ECF No. 1 at 2.  Plaintiffs seek a money judgment awarding

delinquent contributions, Union dues, and other amounts, accrued interest, liquidated damages,

and attorneys' fees and costs owed by Defendant to Plaintiffs, pursuant to ERISA §§ 502(g)(2)

and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant's collective bargaining agreement, and

Section 301 of the LMRA.  *Id*.  Defendant failed to answer or otherwise respond to Plaintiff's

complaint.  On June 5, 2023, Plaintiffs requested an entry of default.  ECF No. 6.  On June 6, 2023, the Clerk entered default.  ECF No. 7.

On August 14, 2023, Plaintiffs moved for default judgment against Defendant, in the amount of at least $214,424.09, comprised of "delinquent contributions for the period of January 2023 through May 2023 and other payments owed, interest on the delinquent contributions and other payments owed, liquidated damages on the delinquent contributions, and attorneys' fees and costs incurred by the Plaintiffs in recovering these amounts."  ECF No. 8.

On September 14, 2023, Plaintiffs filed a supplemental motion for default judgment to reflect that payment was received from Defendant for delinquent contributions for the period of January 2023 through March 2023 in the amount of $70,430.81, and to amend the prior motion to request the Court to "enter judgment for the Plaintiffs and against Defendant in the amount of at least $175,835.03, which represents delinquent contributions and other payments owed, interest on the delinquent contributions and other payments owed, liquidated damages on the delinquent contributions, and attorneys' fees and costs incurred by the Plaintiffs in recovering these amounts."  ECF No. 10 at 1-2.  For the reasons below, Plaintiffs' motion for default judgment and supplemental motion for default judgment are GRANTED.

## BACKGROUND[1]

According to the complaint, Defendant employed employees represented for the purposes of collective bargaining by the Bricklayers and Allied Craftworkers Local No. 3 New York, AFL-CIO (the "Union").  ECF No. 1 at 4.  Defendant was bound by a collective bargaining agreement ("CBA") with the Union, which obligated Defendant to pay contributions to the Board of Trustees of the Bricklayers and Allied Craftworkers Local 3, New York (Rochester Chapter) Pension Fund

---

[1] The following allegations are taken from Plaintiffs' complaint, ECF No. 1, unless otherwise noted and are deemed admitted due to Defendants' default.  *See In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("[A] default constitutes an admission of all the facts 'well pleaded' in the complaint …").

("Pension Fund"); Board of Trustees of the Bricklayers and Allied Craftworkers Local 3, New York (Rochester Chapter) Welfare Fund ("Welfare Fund"); Board of Trustees of the Bricklayers and Allied Craftworkers, New York Local 3, Individual Account Retirement Fund ("IARF"); Board of Trustees of the Bricklayers and Allied Craftworkers Local 3, New York Joint Apprenticeship Training Committee ("JATC") (collectively, the "ERISA Funds") and Western NY Joint Administrative Board ("JAB"). *Id.* Defendant was also required to pay contributions to the Union, including but not limited to money that Defendant is obligated to withhold from its employees' wages and forward to the Union, such as Union dues. *Id.* Plaintiffs bring this action pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, and LMRA § 301, 29 U.S.C. § 185.

The CBA included a collections policy governing Defendant's contributions to the ERISA Funds, which the ERISA Funds' Trustees adopted. *Id.*; ECF No. 8-6. The policy provided that (i) Defendant must submit a report of hours worked by its covered employees, and must pay the corresponding contributions, by no later than the 15th day of the month following that in which the hours were worked (e.g., Defendant was required to pay contributions for the work performed by its covered employees in January 2023 by February 15, 2023); (ii) if Defendant failed to timely pay its contributions, then it would owe interest on delinquent contributions at the rate of two percent (2%) per month from the date the contributions were due; (iii) if Defendant failed to timely pay its contributions, and the ERISA Funds filed a lawsuit to recover the delinquent contributions, then Defendant would owe liquidated damages equal to twenty percent (20%) of the delinquent contributions; and (iv) if the ERISA Funds referred a delinquency to counsel and counsel performed legal services, Defendant would be obligated to reimburse the ERIA Funds for, *inter alia*, all attorneys' fees and costs incurred by the ERISA Funds. *Id.* at 4-5.

Despite these obligations, Defendant was delinquent in making its contributions to the ERISA Funds and its other payments owed to Plaintiffs for work performed from November 2022 through February 2023 (the "Current Delinquencies"). *Id*. at 5.  When the complaint was filed, Plaintiffs determined that Defendant owed a combined principal amount of $134,139.74 to Plaintiffs as a result of the Current Delinquencies, which included (a) $40,003.84 to the Pension Fund, (b) $54,700.79 to the Welfare Fund, (c) $18,092.85 to the IARF, (d) $2,540.30 to the JATC, (e) $2,810.43 to the JAB, and (f) $5,991.53 to the Union.  *Id*. at 5-6.  Defendant was previously delinquent in making contributions to the ERISA Funds and other payments to Plaintiffs other than those contributions that amount to the Current Delinquencies (the "Prior Delinquencies") and owed interest to the ERISA Funds and the Union as a result of those Prior Delinquencies.  *Id*. at 6-7.  Plaintiffs also stated in the complaint that "Defendant's obligation to make contributions and payments to Plaintiffs is ongoing and such contributions and payments will become due and owing during the pendency of this litigation [and] [a]ccordingly, Plaintiff's claims […] include any claims for any contributions or payments for work performed after February 2023 that become delinquent during the pendency" of this action.  *Id*. at 7.

Plaintiffs' motion for default judgment, filed on August 14, 2023, stated that Defendant was currently delinquent in making contributions for work performed from January 2023 through May 2023 (titled therein, "Current Delinquencies"), and as a result of such delinquency, Defendant owed a combined principal amount of "$124,770.12 to Plaintiffs […] including […] (a) $37,161.56 owed to the Pension Fund; (b) $51,092.07 owed to the Welfare Fund; (c) $16,540.22 owed to the IARF; (d) $2,387.53 owed to the JATC; (e) $2,637.86 owed to the JAB; and (f) $14,950.88 owed to the Union."  ECF No. 8-1 at 5-6.

After the filing of the complaint and prior to Plaintiffs' filing of the motion for default judgment, Defendant paid delinquent contributions to Plaintiffs for work performed for November

2022 and December 2022 ("November-December Delinquency"), but Plaintiffs stated that "interest in the amount of $9,587.22 and liquidated damages in the amount of $11,698.77 remains outstanding" for that delinquency.  ECF No. 8-1 at 7.  Plaintiff further stated that Defendant was previously delinquent in making its contributions to the ERISA Funds and other payments to Plaintiffs for August 2021, November 2021, and February 2022 through October 2022 (the "Prior Delinquencies"), including interest in the amount of $26,672.78, and such contributions remain unpaid.  *Id.*

Plaintiffs concluded in the motion for default judgment that the "total amount due to the Plaintiffs as of August 1, 2023, excluding attorneys' fees and costs, is at least $202,719.57[,]" which consists of a combined principal amount of $124,770.12 to Plaintiffs as a result of the Current Delinquencies; $8,554.40 in interest on the Current Delinquencies, accrued through July 15, 2023, and continuing to accrue until the Current Delinquencies are paid; $21,436.28 in liquidated damages on the Current Delinquencies and $11,698.77 in liquidated damages on the November-December Delinquency, which is the greater of the interest or 20% of the Current Delinquencies and the November-December Delinquency; and $36,620.00 in interest owed to Plaintiffs as a result of the Prior Delinquencies and the November-December Delinquency."  *Id.* at 7.  Plaintiffs also stated that Defendant owed attorneys' fees and costs in the amount of $11,704.52.  *Id.*  Plaintiffs therefore requested that default judgment be entered against Defendant in the amount of at least $214,424.09, and requested post-judgment interest on the judgment at the rate permitted by 29 U.S.C. § 1961 and attorneys' fees and costs incurred in executing the judgment.  *Id.* at 10.

On September 14, 2023, Plaintiffs filed a supplemental motion for default judgment, the most recent filing, amending the prior motion to request that the Court enter judgment for Plaintiffs and against Defendant in the amount of at least "$175,835.03, which represents delinquent

contributions and other payments owed, interest on the delinquent contributions and other payments owed, liquidated damages on the delinquent contributions, and attorneys' fees and costs incurred by the Plaintiffs in recovering these amounts[,]" and further requested post-judgment interest on the judgment at the rate permitted by 29 U.S.C. § 1961 and attorneys' fees and costs incurred in executing the judgment.  ECF No. 10 at 2.  On August 23, 2023, Plaintiffs received notice that Defendant had paid the delinquent contributions for the period of January 2023 through March 2023, in the amount of $70,430.81.  *Id.*  Defendant's contributions for work performed from April 2023 through May 2023 remained delinquent, and Plaintiff stated that the combined principal amount of such delinquency was $76,015.49, including "(a) $22,648.60 owed to the Pension Fund; (b) $31,234.93 owed to the Welfare Fund; (c) $9,871.71 owed to the IARF; (d) $1,472.73 owed to the JATC; (e) $1,624.48 owed to the JAB, and (f) $9,163.04 owed to the Union."  ECF No. 10-1 at 2; *see* ECF No. 10-2 at 2 (Plaintiffs' Contributions Report).  Plaintiffs stated that the total amount due as of September 15, 2023, excluding attorneys' fees and costs, was "at least $164,130.51[,]" which included a "combined principal amount of $76,015.49 owed to Plaintiffs the period of April 2023 through May 2023; $6,753.44 in interest thereon, accrued through September 15, 2023, and continuing to accrue until all delinquencies are paid; $13,045.59 in liquidated damages thereon, which is the greater of the interest or 20% of the delinquency; $44,508.45 in interest owed to Plaintiffs on late-paid contributions for the period of August 2021, November 2021, and February 2022 through March 2023; and $23,807.53 in liquidated damages on late-paid contributions for the period of November 2022 through March 2023, which is the greater of the interest or 20% of the late-paid contributions."[2]  ECF No. 10-1 at 2-3.  Plaintiffs

---

[2] The Court construes Plaintiffs' statement that Defendant owes $44,508.45 in interest on *late-paid contributions* for the period of August 2021, November 2021, and February 2022 through March 2023 to show that Defendant's delinquent contributions for August 2021, November 2021, and February 2022 through October 2022 have been paid and are no longer due, though this is not explicitly stated.  Plaintiffs' attachment to its supplemental motion suggests this, as well.  *See* ECF No. 10-2 (only April-May 2023 contributions due, interest for aforementioned periods remains).

further requested attorneys' fees and costs incurred through August 7, 2023, in the amount of $11,704.52.  ECF No. 10-3 at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment.  First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action.  Fed. R Civ. P. 55(a).  Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted.  *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Id*; *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc*., 699 F.3d 230, 234 (2d Cir. 2012) ("[I]t is well established that … [']a party's default is deemed to constitute a concession of all well pleaded allegations of liability… .'" (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992))).  If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support.  *See id*. at 189 ("[A] party's default … is not considered an admission of damages." (quotation omitted)).

Damages must instead be "established by proof unless the amount [of damages] is liquidated or susceptible of mathematical computation."  *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the

damages requested."). If a claim is not for a sum certain, the plaintiff must apply to the court for entry of default judgement under Rule 55(b)(2). *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d. Cir. 2011). The reviewing court must then "ensure that there is a basis for the damages specified in a default judgment," and, if necessary, "make the determination through a hearing." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In all cases, the burden is on the plaintiff to establish its entitlement to damages. *See Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 626 (W.D.N.Y. 2018).

## DISCUSSION

On August 14, 2023, Plaintiffs moved for default judgment against Defendants, in the amount of at least $214,424.09, comprised of "delinquent contributions for the period of January 2023 through May 2023 and other payments owed, interest on the delinquent contributions and other payments owed, liquidated damages on the delinquent contributions, and attorneys' fees and costs incurred by the Plaintiffs in recovering these amounts." ECF No. 8.

On September 14, 2023, Plaintiffs filed a supplemental motion for default judgment to reflect that payment was received from Defendant for delinquent contributions for the period of January 2023 through March 2023 in the amount of $70,430.81, and to amend the prior motion to request the Court to "enter judgment for the Plaintiffs and against Defendant in the amount of at least $175,835.03, which represents delinquent contributions and other payments owed, interest on the delinquent contributions and other payments owed, liquidated damages on the delinquent contributions, and attorneys' fees and costs incurred by the Plaintiffs in recovering these amounts." ECF No. 10-1 at 2.

## I.     Liability for Damages and Default Determination

Plaintiffs—specifically, the ERISA Funds—allege in the complaint that Defendant "violated ERISA § 515, 29 U.S.C. § 1145, which provides that '[e]very employer who is obligated

to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.'"  ECF No. 1 at 7.  In addition, Plaintiffs allege, pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), that Defendant breached the CBA.  *Id*. at 7-8.

In the complaint, motion for default judgement, and supplemental motion for default judgment, Plaintiffs seek to recover an amount equivalent to unpaid contributions, together with interest and liquidated damages, as well as attorneys' fees and costs.  *See* ECF Nos. 1, 8, 10.  Accordingly, based on the allegations in the complaint, the Court concludes that Plaintiffs have adequately alleged the elements necessary to state a claim under ERISA, as well as a breach of contract claim pursuant to LMRA for failure to comply with the terms of the CBA.  *See Finkel v. Universal Elec. Corp*., 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013).

In addition, there is no dispute that Defendant is in default.  Defendant has been properly served, ECF No. 3 (summons executed and Defendant served), and has failed to answer or otherwise move against Plaintiffs' complaint.  Moreover, Defendant has not responded to either Plaintiffs' motion for default judgment or supplemental motion for default judgment.  *See Hirsch v. Innovation Int'l, Inc*., 1992 WL 316143, at *2 (holding that "[defendant's] default is crystal clear—it does not even oppose this motion").  Defendant's failure to obtain counsel in this case also constitutes a failure to defend because Defendant, a limited liability company, cannot proceed in this action *pro se*.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (limited liability company cannot appear in federal court *pro se*); *see also Jones v. Niagara Frontier Transp. Auth*., 722 F.2d 20, 22 (2d Cir. 1983) (discussing rationale for requiring "artificial" entities to appear through counsel only).  Accordingly, the Court concludes that Defendant's liability and default is established.

## II.     Damages

As stated, a plaintiff bears the burden of establishing entitlement to recovery. *La Barbera v. Federal Metal & Glass Corp.*, 666 F.Supp.2d at 348.  When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *Deshmukh v. Cook*, 630 F. Supp. 956, 959-60 (S.D.N.Y. 1986).  "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" *Levesque v. Kelly Commc'ns, Inc.*, No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), *aff'd* 873 F.2d 38 (2d Cir. 1989).

In an ERISA action brought to enforce rights under Section 1145, the statute specifies the damages to be awarded when judgment is entered in favor of the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Iron Workers Dist. Council of W.N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1505-07 (2d Cir. 1995).  Under ERISA, that is, employers obligated to "make [benefit] contributions within the

10

meaning of the statute must do so in accordance with the relevant multiemployer plan or CBA," *Arch Ins. Co. v. DCM Grp. LLC*, No. 11-CV-930, 2012 WL 3887098, at *3 (E.D.N.Y. Aug. 2, 2012), and, if left unpaid, they may be held liable for unpaid contributions, interest on those contributions, liquidated damages, and attorney's fees and costs. *See Trs. of the Pavers & Road Builders Dist. Council Welfare v. Arbor Concrete Corp*., No. 15-CV-2481, 2015 WL 9598872, at *2 (E.D.N.Y. Dec. 15, 2015). Under the LMRA, a union may bring suit against an employer for violation of a collective bargaining agreement. *See Arch Ins. Co*., 2012 WL 3887098, at *3. Like ERISA, the CBA in this case provide for awards of interest, liquidated damages, and attorney's fees and costs where an employer fails to make the required contributions. *See* ECF No. 8-6 at 45.

According to the supplemental motion for default judgment, Plaintiffs are seeking, excluding attorneys' fees and costs, "at least $164,130.51[,]" which included a "combined principal amount of $76,015.49 owed to Plaintiffs the period of April 2023 through May 2023; $6,753.44 in interest thereon, accrued through September 15, 2023, and continuing to accrue until all delinquencies are paid; $13,045.59 in liquidated damages thereon, which is the greater of the interest or 20% of the delinquency; $44,508.45 in interest owed to Plaintiffs on late-paid contributions for the period of August 2021, November 2021, and February 2022 through March 2023; and $23,807.53 in liquidated damages on late-paid contributions for the period of November 2022 through March 2023, which is the greater of the interest or 20% of the late-paid contributions." ECF No. 10-1 at 2-3. Plaintiffs further requested attorneys' fees and costs incurred through August 7, 2023, in the amount of $11,704.52. ECF No. 10-3 at 2; *see* ECF No. 8-8 at 1-3. The Court has reviewed the materials that Plaintiffs submitted with their complaint, motion for default judgment, and supplemental motion for default judgment. ECF Nos. 1, 8, 10. Plaintiffs' supplemental motion for default judgment is the most current filing.

First, Plaintiffs claim in their supplemental motion for default judgment that unpaid contributions amount to $76,015.49 for the period of April 2023 through May 2023.  ECF No. 10-1 at 2.  Specifically, Plaintiffs claim the following amounts: "(a) $22,648.60 owed to the Pension Fund; (b) $31,234.93 owed to the Welfare Fund; (c) $9,871.71 owed to the IARF; (d) $1,472.73 owed to the JATC; (e) $1,624.48 owed to the JAB, and (f) $9,163.04 owed to the Union."  ECF No. 10-1 at 2; *see* ECF No. 10-2 at 2 (Plaintiffs' Contributions Report).  In light of the evidentiary proof presented at this stage of litigation, *see* ECF No. 10-2 at 2, and Defendant's non-opposition, the Court accepts Plaintiffs' proffered damages, and, under ERISA and the CBA, they are entitled to unpaid contributions in that amount.  *See Arbor Concrete Corp.*, 2015 WL 9598872, at *2.

Second, Plaintiffs calculate interest in the amount of $6,753.44 for the period of April 2023 through May 2023, accrued through September 15, 2023, and $44,508.45 on late-paid contributions for the period of August 2021, November 2021, and February 2022 through March 2023.  ECF No. 10-1 at 2-3.  "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."  29 U.S.C. § 1132(g)(2)(E).  Pursuant to the CBA, interest on unpaid contributions is to be calculated at the rate of "two percent (2%) per month from the date the contributions were due."  ECF No. 8-1 at 4; *see* ECF No. 8-4 at 45 (CBA contractual provision as to collections policy).  The Court finds such interest appropriate under ERISA and the CBA.  *See Arbor Concrete Corp.*, 2015 WL 9598872, at *2; *see also Rochester Laborers' Welfare-S.U.B. Fund v. Akwesasne Constr., Inc.*, No. 15-CV-6757-FPG, 2020 WL 6699523, at *3 (W.D.N.Y. Nov. 13, 2020).

Third, Plaintiffs seek liquidated damages in the amount of $13,045.59 for the period of April 2023 through May 2023, which is the greater of the interest or 20% of the delinquency, and $23,807.53 in liquidated damages on late-paid contributions for the period of November 2022 through March 2023, which is the greater of the interest or 20% of the late-paid contributions.

ECF No. 10-1 at 2-3.   ERISA and the CBA both permit such relief.   *See Arbor Concrete Corp.*, 2015 WL 9598872, at *4 (under ERISA, laborer funds entitled to liquidated damages equal to "the greater of twenty percent (20%) of the total amount of contributions or the interest due on unpaid contributions"); ECF No. 8-4 at 45 (CBA contractual provision).   Plaintiffs are entitled to liquidated damages in that amount.

Thus, in total, Plaintiffs are entitled to $164,130.51 against Defendant in unpaid contributions, interest, and liquidated damages.[3]

Next, Plaintiffs request attorneys' fees and costs against Defendant.   In their supplemental motion for default judgment, filed on September 14, 2023, Plaintiffs request "[a]ttorneys' fees and costs incurred through August 7, 2023, in the amount of $11,704.52[,]" which, if granted, would result in a total award to Plaintiffs in the amount of $175,835.03.   ECF No. 10-3 at 2.   ERISA and the CBA permit an award of attorneys' fees and costs.   *See Arbor Concrete Corp.* 2015 WL 9598872, at *4 (citing to 29 U.S.C. § 1132(g)(2)(D)); *see also* ECF No. 8-4 at 46 (CBA contractual provision stating that if "[c]ounsel performs legal services, which may include (but are not limited to) the commencement of legal or agency proceedings against the Employer to recover the amounts owed to the Funds pursuant to this section, the Employer shall reimburse the Funds for all attorneys' fees and paralegals' fees, court costs, disbursements, and expenses incurred by the Funds in attempting to collect and in collecting the Funds' monies.").   Plaintiffs' request the same amount of attorneys' fees and costs in the motion for default judgment, ECF No. 8, and supplemental motion for default judgment, ECF No. 10-3 at 2, and have attached supporting documentation to their motion for default judgment.   *See* ECF No. 8-8 (declaration of Plaintiffs' attorney), 8-9 (fees and costs report).

---

[3] With respect to post-judgment interest, any award is governed by 28 U.S.C. § 1961.  Because ERISA does not "alter, amend, modify, invalidate, impair, or supersede any law of the United States," § 1961 governs. 29 U.S.C. § 1144(d). 28 U.S.C. § 1961 mandates the award of post-judgment interest on the entire amount of the judgment.  Post-judgment interest will run until the outstanding amount is satisfied.

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." *Meehan v. Gristede's Supermarkets, Inc*., No. 95 CV 2104, 1997 WL 1097751, at \*5 (E.D.N.Y. Sept. 25, 1997) (internal quotes and citation omitted); s*ee Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994).  In calculating a "reasonable" fee award, the court must first establish "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter.  *Luciano v. Olsten Corp*., 109 F.3d 111, 115-16 (2d Cir. 1997).  The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable.  *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d at 1160 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The Court must look to the hourly rates that are commonly charged for comparable work in the Western District of New York.  Here, Plaintiffs' request for fees is based on a rate of $285 per hour for attorney Lucinda Lapoff, $390 per hour for attorney Richard S. Siegel, $365 per hour for attorney Kristina F. Salamoun, and $210 per hour for paralegal Shreya Iyer.  ECF No. 8-8 at 2 (Lapoff spent 7.6 hours on this matter, Siegel spent 8.5 hours, Salamoun spent 14 hours, and Iyer spent 1.4 hours).  The attorneys' experience levels range from 27 years to 15 years to 8 years, and the paralegal's experience level is not specified.  *Id*.  Plaintiffs' counsel has submitted a copy of the firm's fees and costs report.  ECF No. 8-9.  After reviewing the report, and the rates charged for comparable work in this district, the Court finds the requested hourly rates reasonable, though they are marginally higher than those rates typically approved.  *See International Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union No. 71 v. Lovejoy Metals, Inc*., 495 F. Supp. 3d 174, 191 (W.D.N.Y. 2020) (finding rates of $225.00 and $235 to be reasonable);

14

*Buffalo Laborers Welfare Fund v. Di Pizio Construction Co., Inc.*, 2018 WL 11265028, *5 (W.D.N.Y. 2018) (finding rates of $215.00/hr. to be "well within the range previously awarded by judges in this District in similar [ERISA] cases").

Turing to the hours expended, "[a] court should exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation." *International Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union No. 71*, 495 F. Supp. 3d at 191. Here, the Court concludes that the hours expended on this matter, 30.1 hours by the attorneys and 1.4 hours by the paralegal, were reasonable. *See Rochester Laborers' Welfare-S.U.B. Fund by Brown v. Journee Constr., Inc*., 305 F. Supp. 3d 444, 448 (W.D.N.Y. 2018) (finding 54.4 hours expended by counsel and counsel's staff reasonable); *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Baroco Contracting Corp*., No. 08-CV-1671(KAMJJO), 2009 WL 928331, at *8 (E.D.N.Y. Apr. 2, 2009). These hours included time spent, for example, drafting the complaint, the motion for default judgment, the supplemental motion for default judgment, and performing damages calculations. *See generally* ECF No. 8-9 (fees and costs report). Accordingly, the Court concludes that Plaintiffs' request for attorneys' fees will be granted.

Plaintiffs also seek costs in the amount of $819.52. ECF No. 8-8 at 2. Courts generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C*., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citations omitted). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." *LaBarbera v. Cent. Design Sys. Inc*., No. 06 CV 2709, 2006 WL 3422645, at *4 (E.D.N.Y. Nov. 28, 2006) (internal quotations and citations omitted). Here, the expenditures are $602 in court filing fees, $200 for service of process fees, and $17.52 for postage and Pacer fees.

ECF No. 8-8 at 2, 8-9.   These expenses are reasonable and recoverable litigation costs.

Accordingly, Plaintiffs are awarded costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment and supplemental motion

for default judgment, ECF Nos. 8 and 10, are GRANTED.   Plaintiffs are entitled to $164,130.51

in unpaid contributions, interest, and liquidated damages, and $11,704.52 in attorneys' fees and

costs, for a total award in the amount of $175,835.03.   Plaintiffs shall be awarded post-judgment

interest on the judgment at the rate prescribed by law under 29 U.S.C. § 1961(a), which shall

continue to accrue until the judgment is satisfied.

IT IS SO ORDERED.

DATED:      Rochester, New York
            February 1, 2024

_____

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York